UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RICHARD SAX, No. 11-10464

                      Debtor(s).
_____/

LFR COLLECTIONS, LLC,

                      Plaintiff(s),

     v.                                 A.P. No. 11-1220

RICHARD SAX,

                      Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

      The complaint in this adversary proceeding alleges that plaintiff LFR Collections, LLC, loaned money to the professional corporation of defendant and Chapter 7 debtor Richard Sax, an attorney. Sax guaranteed the obligation personally. LFR alleges that Sax dissolved his corporation after receiving a demand for payment from LFR. The complaint alleges that Sax converted at least $195,000.00 of its collateral wilfully and maliciously and his debt to LFR is accordingly nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code. The complaint also alleges that

1

the debt is nondischargeable pursuant to § 523(a)(4) for defalcation in a fiduciary capacity.

Sax's motion to dismiss the complaint for failure to state a claim is now before the court. Sax does not seriously argue that the complaint does not state facts sufficient to establish a claim that LFR has some sort of nondischargeable claim against Sax pursuant to § 523(a)(6). However, he attacks the § 523(a)(4) allegations as being insufficient.

Under California law all of the assets of the corporation become a trust for the benefit of creditors upon a corporation's insolvency and, accordingly, a sufficient trust relationship exists for the application of § 523(a)(4). *In re Jacks*, 266 B.R. 728, 737 (9th Cir.BAP 2001). Sax argues that the complaint is defective because it does not specifically allege that the corporation was insolvent when Sax dissolved it. However, the complaint does allege that at the time of distribution "Defendant was required to hold the assets of the Professional Corporation in trust for such creditors, including the Lender." LFR can establish a right to relief under § 523(a)(4) by showing that this allegation is true, which will involve showing that the corporation was insolvent. The allegation is sufficient to survive a motion to dismiss.

For the foregoing reasons, Sax's motion to dismiss will be denied. Counsel for LFR shall submit an appropriate form of order.

Dated: November 20, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge